JOHNSON, Judge.
 

 This is a cross-appeal from the judgment of sentence following David John’s convictions for arson, 18 Pa.C.S.
 
 *237
 
 § 3301(a)(l)(i), risking a catastrophe, 18 Pa.C.S. § 3302(b), and criminal mischief, § 3304(a)(1). We affirm.
 

 The prosecution resulted from a fire, intentionally started in Apartment No. 1 of 656 Otterman Street, Greensburg, Westmoreland County. This apartment was in a building attached to a bingo hall where the defendant’s wife, Mary John, along with some one hundred other persons, was playing bingo.
 

 On appeal, John presents six issues for our consideration which may be stated as follows:
 

 I. Whether the trial court erred by permitting the Commonwealth to introduce evidence that, after the fire had been set, John pulled a knife on his son.
 

 II. Whether the trial court erred by permitting Mary John’s testimony under an exception to spousal privilege.
 

 III. Whether defense counsel was ineffective for not objecting to Mary John’s testimony nor requiring that she be informed of spousal privilege at the preliminary hearing.
 

 IV. Whether the trial court erred by requiring the in-camera testimony of Mary John in order to determine whether spousal privilege applied.
 

 V. Whether the trial court erred by denying a motion for mistrial based upon a Commonwealth witness’s reference to “Public Defender Caruthers.”
 

 VI. Whether sufficient evidence was presented to support a conviction for risking a catastrophe.
 

 Initially, John contends that the trial court erred by admitting evidence that, while Mary John and several of their children were walking home from the scene of fire, he pulled a knife on Richard, their son. He argues that the incident is unrelated to the instant case and is therefore inadmissible.
 

 John correctly states that evidence of a separate, unrelated crime is generally inadmissible to prove the crime
 
 *238
 
 for which the defendant is on trial.
 
 Commonwealth v. Hall,
 
 523 Pa. 75, 85, 565 A.2d 144, 149 (1990)
 
 {citing Commonwealth v. Morris
 
 513 Pa. 169, 175, 519 A.2d 374, 376 (1986)). Where the evidence is relevant, however, “the mere fact that testimony of another crime may be prejudicial will not prevent its introduction into evidence.”
 
 Hall,
 
 523 Pa. at 85, 565 A.2d at 149,
 
 {quoting Commonwealth v. Lasch,
 
 464 Pa. 573, 347 A.2d 690 (1975)). For example, evidence of other offenses or bad acts is admissible where such evidence tends to establish any of the following: 1) motive; 2) intent; 3) absence of mistake or accident; 4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or 5) the identity of the person on trial as the person who committed the crime in issue.
 
 Commonwealth v. Bond,
 
 261 Pa.Super. 311, 316, 396 A.2d 414, 416 (1978).
 

 Here, the Commonwealth’s theory of the case was that John was upset that Mary John intended to spend the evening playing bingo rather than drinking with him. The Commonwealth sought to demonstrate that the relationships within this family were, at best, tumultuous. As evidence, the Commonwealth introduced Mary John’s testimony that she and John had entered a Protection From Abuse agreement which, among other things, prohibited John from coming to Mary John’s home. The Commonwealth also sought to demonstrate that the relationship between John and Mary was strained by showing that John entered into the altercation with their son Richard in Mary’s presence, drawing a knife. As the event occurred within half an hour of the fire, it is the Commonwealth’s position that the incident was relevant to show both John’s motive for starting the fire and his state of mind that evening.
 

 John argues that the incident involving the knife is not evidence of malice toward Mary John because the act was directed, not at her, but at their son. In deciding to admit the testimony, the trial court stated that John’s act of “pulling a knife on [Richard] in the presence of [Mary John]
 
 *239
 
 evidenced his agitated state of mind, and the malice that he had toward his family including his wife, Mary John.” Opinion at 19.
 

 It is well established that the admission or exclusion of evidence is within the sound discretion of the trial court; we will not overturn that determination absent an abuse of discretion.
 
 Commonwealth v. Kubiac,
 
 379 Pa.Super. 402, 409, 550 A.2d 219, 228 (1988)
 
 alloc. denied
 
 522 Pa. 611, 563 A.2d 496 (1989) (citation omitted.) “An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality as shown by the evidence or the record.”
 
 Id.
 
 In
 
 Kubiae,
 
 we held that the trial court had properly admitted evidence that the defendant allowed a minor child to use illegal drugs, although he was charged with involuntary deviate sexual intercourse and corruption of minors, on the basis that such evidence was relevant to demonstrate the nature of the relationship.
 

 Applying the
 
 Kubiae
 
 standard, we find no error in the trial court’s determination that the testimony regarding the altercation between John and his son, in the presence of Mary John, was indicative of malice towards Mary John and John’s state of mind that evening. Further, any prejudicial effect that might have resulted from the references to the conflict was minimized when the Honorable Gary P. Caruso instructed the jury as follows:
 

 You have also heard evidence in this case tending to prove that the defendant committed other improper conduct on the night in question. I’m speaking of the testimony to the effect that Mr. John got into a conflict with his son after the alleged fire. This evidence is before you for a limited purpose; that is, for the purpose of tending to show the state of mind of Mr. John at the time that this incident occurred. This evidence must not be considered by you in any way other than for the purpose that I just stated.
 

 
 *240
 
 You must not regard this evidence as showing that the defendant is a person of bad character or criminal tendencies from which you might be inclined to infer guilt in this case. If you find the defendant guilty, it must be because you are convinced by the evidence that he committed the crimes charged and not because you believe he is wicked or has committed some other improper conduct.
 

 Note of testimony, April 2, 3 & 4, 1990, at 234. Cautionary instructions may suffice to eradicate any prejudice which might result from reference to prior criminal activity by the defendant.
 
 Commonwealth v. Morris,
 
 513 Pa. 169, 175, 519 A.2d 374, 376 (1986) (collecting cases). Although the testimony here complained of relates to an incident occurring after the crime, we do not believe that this distinction should yield a different result.
 

 We consider next whether Mary John’s testimony fell within an exception to the general rule that a person maintains the privilege of not testifying against his or her spouse. The relevant statutory language states:
 

 § 5913. Spouses as witnesses against each other
 

 Except as otherwise provided in this subchapter, in a criminal proceeding a person shall have the privilege which he or she may waive, not to testify against his or her then lawful spouse except that there shall be no such privilege:
 

 (2) in any criminal proceeding against either for bodily injury or violence attempted, done or threatened upon the other____
 

 42 Pa.C.S. § 5913(2).
 

 We reject as frivolous John’s argument that the act of setting the building on fire would not constitute an attempted violence against Mary John. Although he concedes that she was in the structure at the time that it was set on fire, he argues that she was sufficiently distant from the fire so as to negate the conclusion that such an act could have been directed against her.
 

 
 *241
 
 At trial, Mary John testified that John appeared agitated when she chose to spend the evening playing bingo rather than drinking with him. She testified that just before she entered the bingo hall John stated, “That bingo means so much to you, doesn’t it?” She also testified that as she walked home from the fire John approached her and asked, “How do you like my work?” Finally, she testified that John stated, “If it don’t burn down to the ground, I should finish it tonight.” We are satisfied that setting fire to the building that Mary John was in constituted attempted violence against her sufficient to fall within the subsection.
 

 John’s new counsel on appeal also challenges the effectiveness of trial counsel for failure to raise the issue of spousal privilege at the preliminary hearing. In setting forth the criteria by which the ineffectiveness of counsel may be established, our Supreme Court has stated:
 

 The threshold inquiry in such claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim.
 
 Commonwealth v. Pursell,
 
 508 Pa. 212, 495 A.2d 183 (1985). If this threshold is met, it must next be established that the particular course chosen by counsel had no reasonable basis designed to effectuate his client’s interest.
 
 Commonwealth ex rel. Washington v. Maroney,
 
 427 Pa. 599, 235 A.2d 349 (1967). Finally, we require that the defendant establish how counsel’s commission or omission prejudiced him.
 
 Commonwealth v. Pierce,
 
 515 Pa. 153, 527 A.2d 973 (1987).
 

 Commonwealth v. Durst,
 
 522 Pa. 2, 4-5, 559 A.2d 504, 505 (1989). Under this standard, we hold that trial counsel will not be deemed ineffective for failure to raise the claim of spousal privilege which, as we have held, Mary John was not entitled to assert.
 

 John next contends that the trial court erred by requiring Mary John to testify in-camera regarding her whereabouts at the time that the fire began in order to
 
 *242
 
 determine whether § 5913(2) applied. At trial, the Commonwealth called Mary John to testify. The court advised her of the general privilege not to testify that is afforded to spouses. Mary John stated at that time that she did not wish to testify against John. The court dismissed the jury and held an in-camera proceeding, at which time Mrs. John was required to testify as to her whereabouts on the night of the fire. She testified that she had been in the bingo hall that was adjacent to the building that was set afire. The trial court then used this testimony to determine that the exception to the spousal privilege applied.
 
 See
 
 § 5913(2),
 
 supra.
 

 John’s argument that this procedure constitutes reversible error is two-fold: 1) the burden should be placed on the Commonwealth to establish by independent evidence that the privilege did not apply to Mary John, and 2) to force Mrs. John to present evidence which would be used to establish that the privilege she sought to invoke did not exist was contrary to the intent of the statute.
 

 John does not cite us to any authority, nor does he provide us with any compelling argument, for either of these propositions. The trial court noted in its opinion that Mary John was not asked in-camera to divulge any inculpatory information, but merely to state where she was at the time that the fire began. The trial court held that the Legislature intended that those who commit violence against their spouses not be protected by the spousal privilege statute, and that this in-camera proceeding advanced that policy. We agree and, accordingly, find no error.
 

 We also reject John’s argument that the trial court erred by denying his motion for a mistrial when Officer Jerry Hixson, asked to identify the defendant, stated that he was “sitting on the right of Public Defender Caruthers.” John contends that the public defenders’ involvement with the most notorious defendants in Westmoreland County has left it with an unfavorable public image. We agree with the trial court that a single reference to the defense attorney’s status as a public defender does not rise to a level of
 
 *243
 
 prejudice which would entitle a defendant to a mistrial. This is particularly so where, as here, there is nothing of record to support a claim of potential negative impact. It is only where the evidence admitted at trial would so prejudice the fact finder that it would be unable to remain impartial, thereby prejudicing the accused beyond a reasonable doubt, that a mistrial is to be granted.
 
 Kubiac, supra.,
 
 379 Pa.Super. at 410, 550 A.2d at 223 (citation omitted.) The reference here in question, unaccompanied by any support in the record for the claimed negative image, is not of such magnitude.
 

 Finally, John argues that the evidence presented was insufficient to support a conviction for risking a catastrophe. The applicable section of the Crimes Code states:
 

 §
 
 3302.
 
 Causing or risking catastrophe
 

 (a) Causing catastrophe. — A person who causes a catastrophe by explosion, fire, flood, avalanche, collapse of a building, release of poison gas, radioactive material or other harmful or destructive force or substance, or by any other means of causing potentially widespread injury or damage, commits a felony of the first degree if he does so intentionally or knowingly, or a felony of the second degree if he does so recklessly.
 

 (b) Risking catastrophe. — A person is guilty of a felony of the third degree if he recklessly creates a risk of catastrophe in the employment of fire, explosives or other dangerous means listed in subsection (a) of this section.
 

 18 Pa.C.S. § 3302.
 

 John contends that the potential for injury and damage was insufficient to satisfy the requirements of the statute. He argues initially that the fire was set to a building which had but one occupant, although he admits that that building was connected to the bingo hall. This argument is specious. Although there was testimony that the building involved had once been two separate buildings, they were now joined by a common hallway. Officer Kundrick, qualified as an expert in arson investigation, testified that the fire had caused smoke damage that extended as far as the common
 
 *244
 
 hallway and that the interior of that hallway was composed of flammable materials. He further testified that the fire could have spread from the apartment area through the hallway into the bingo hall had it not been extinguished. Officer Kundrick’s testimony was uncontradicted at trial. John’s suggestion on appeal that the fire within the apartment area posed no threat to the bingo hall or the people within it is meritless.
 

 John also directs us to
 
 Commonwealth v. Hughes,
 
 468 Pa. 502, 364 A.2d 306 (1976), for the proposition that the acts of which he was convicted do not rise to a level of “risking catastrophe.” This argument provides him with no relief.
 

 In
 
 Hughes,
 
 the defendant had been convicted of recklessly starting a fire which caused the death of two firemen, one police officer and three civilians. The fire also injured thirty-eight firemen, and caused the evacuation of more than one hundred residents from fifty-one homes. The Court held that, as applied to those facts, § 3302(b) was not unconstitutionally vague.
 
 Hughes
 
 cannot be relied upon for the proposition that an act which risks less harm is necessarily insufficient to constitute “risking catastrophe.” Furthermore, we are not persuaded that setting fire to a building occupied by about one hundred people necessarily amounts to less of a risk than that presented in
 
 Hughes,
 
 and John’s argument to the contrary is rejected.
 

 The Commonwealth also appeals and presents for our consideration the sole issue of whether the sentence imposed by the sentencing court constituted an abuse of discretion. A challenge to the discretionary aspect of sentencing must be considered a petition for permission to appeal, as the right to appeal from the discretionary aspect of sentencing is not absolute. 42 Pa.C.S. § 9781(b);
 
 Commonwealth v. Tuladziecki,
 
 513 Pa. 508, 511, 522 A.2d 17, 18 (1987). Before we can address the merits of the issue raised on appeal, the Commonwealth must demonstrate in its statement of reasons for allowance of appeal that there exists a substantial question as to whether the sentence
 
 *245
 
 imposed is appropriate under the Sentencing Code. 42 Pa.C.S. § 9781(b);
 
 Commonwealth v. Anderson,
 
 381 Pa.Super. 1, 16, 552 A.2d 1064, 1072 (1988). In
 
 Commonwealth v. Williams,
 
 386 Pa.Super. 322, 562 A.2d 1385 (1989)
 
 (en
 
 banc), we considered the types of allegations which raise a substantial question under 42 Pa.C.S. § 9781(b). Quoting
 
 Commonwealth v. Losch,
 
 369 Pa.Super. 192, 535 A.2d 115 (1987), we stated:
 

 What constitutes a “substantial question” under section 9781(b) must be evaluated on a case by case basis. However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge’s actions were: 1) inconsistent with a specific provision of the Sentencing Code; or 2) contrary to the fundamental norms which underlie the sentencing process.
 

 Commonwealth v. Williams, supra,
 
 386 Pa.Super. at 324-25, 562 A.2d at 1387.
 

 The Commonwealth contends in its statement of reasons for allowance of appeal that, given the prior record score and the offense gravity score before the judge, the sentence imposed was insufficient. It argues “[w]hile the instant sentence places considerable emphasis on the perceived rehabilitative needs of the Defendant it is inappropriate and excessively lenient given the seriousness of the offenses, the criminal history of the Defendant and the need for protection of the public.” Commonwealth Brief at 6.
 

 The Commonwealth does not contend that, in determining a sentence, the sentencing court considered inappropriate factors. Nor does the Commonwealth contend that the court refused to consider appropriate factors. The Commonwealth’s claim is simply that the sentencing court’s
 
 conclusion
 
 based on the factors considered — i.e., the sentence imposed — was inappropriate. We stated in
 
 Commonwealth v. Billett,
 
 370 Pa.Super. 125, 535 A.2d 1182 (1988), that this type of claim, which asks us to substitute our judgment for that of the sentencing court, does not present a substantial question that the sentence imposed was inappropriate under the Sentencing Code as a whole.
 
 See also,
 
 
 *246
 

 Commonwealth v. Walker,
 
 390 Pa.Super. 76, 568 A.2d 201 (1989);
 
 Commonwealth v. Osteen,
 
 381 Pa.Super. 120, 127, 552 A.2d 1124, 1128 (1989). We therefore deny allowance of appeal.
 

 Judgment of sentence affirmed.