622 A.2d 972

**COMMONWEALTH of Pennsylvania**

v.

**Charles MOBLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 25, 1993.

Filed March 29, 1993.

Sheryl S. Chernoff, Penn Wynne, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before BECK, TAMILIA and HESTER, JJ.

HESTER, Judge:

Charles Mobley appeals from the judgment of sentence of twenty-one to seventy-two months imprisonment imposed after he was found guilty at a nonjury trial of possession of a controlled substance with intent to deliver. We affirm.

On February 13, 1991, between 4:30 p.m. and 7:00 p.m., Philadelphia Police Officer Sandra Haines and another female officer were operating undercover on Fernon Street in Philadelphia. Officer Haines's companion purchased crack cocaine from an unidentified male. The male informed Officer Haines that he did not have any more drugs but that she should wait for another drug dealer, who would be coming shortly. Several minutes later, just as it was about to get dark, appellant arrived in a car.

Officer Haines approached appellant, who asked her what she wanted. Officer Haines replied, "I need four caps," which means four vials of cocaine. Notes of Testimony, 2/4/92, at 45. At the time, Officer Haines was inches away from appellant's face. Appellant entered 1919 Fernon Street and returned shortly with four vials of crack cocaine. Appellant was standing three to four steps away from Officer Haines when he sold her the drugs. As the officers were involved in an ongoing narcotics investigation, appellant was not arrested at the time. However, Officer Haines immediately returned to the police station and identified appellant from a photograph.

Based upon these events, police obtained a search warrant for 1919 Fernon Street, which was executed on February 21, 1991. Appellant was not present, but police recovered a motor vehicle owner's card containing appellant's name as well as cocaine base and a Colt .45 automatic weapon. The address on the owner's card was 1919 Fernon Street. An arrest warrant was issued, and appellant was arrested on March 15, 1992, while police were executing a search warrant during an unrelated drug investigation.

Based on this evidence, appellant was convicted of possession of a controlled substance with intent to deliver. This appeal followed imposition of the described sentence. Appellant first claims that Officer Haines's photographic identification should have been suppressed. In reviewing a trial court's decision denying the suppression of evidence, we

must consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains

uncontradicted. *Commonwealth v. Kichline*, 468 Pa. 265, 280–81, 361 A.2d 282, 290 (1976). If the record supports the factual findings of the suppression court, as well as the legitimacy of the inferences and legal conclusions drawn from those findings, they may not be disturbed on appeal. *Commonwealth v. O'Bryant*, 479 Pa. 534, 537, 388 A.2d 1059, 1061, *cert. denied*, 439 U.S. 990, 99 S.Ct. 589, 58 L.Ed.2d 664 (1978). "It is, however, exclusively the province of the suppression court to determine the credibility of the witnesses and the weight to be accorded to their testimony." *Commonwealth v. Neely*, 298 Pa.Super. 328, 341, 444 A.2d 1199, 1205 (1982).

*Commonwealth v. Mason*, 415 Pa.Super. 22, 24–25, 608 A.2d 506, 507 (1992).

In the present case, the record indicates the following. Before Officer Haines began her undercover operation on February 13, 1991, she was shown approximately ten photographs of suspected drug dealers. Although appellant's first contention is that use of this photographic display was improper, he fails to support the position that the viewing of suspected criminals *prior* to a criminal investigation is legally infirm.

An identification resulting from a suggestive photographic display is suppressed because use of suggestive displays may result in a witness's erroneous identification of the defendant based on the display. *See Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) (use of suggestive photographic display is improper as it may cause witness to err in identification since witness may have had brief opportunity to view suspect and may premise identification on display rather than on criminal event); *see also Commonwealth v. Fowler*, 466 Pa. 198, 352 A.2d 17 (1976).

In the present case, appellant offers no reason why it should be impermissible for an investigating officer to review suspects before an investigation so that the officer will be able to identify the actors after the events. Further, we cannot agree with appellant's contention that Officer Haines identified him due to the display, which he does not establish was

"suggestive," rather than based upon her observations. She simply knew appellant prior to their meeting. The fact that she gained this knowledge through her prior review of photographs does not taint the identification. It is ludicrous to suggest that police may not use photographs to become familiar with suspects when they are investigating criminal activity.

Further, we reject appellant's second contention, which is that Officer Haines's use of the same photographic display following the drug sale was improper. He bases this claim on the allegation that only appellant's picture was presented to Haines when she returned to the police station following the drug transaction. This is refuted by the record, which establishes that Officer Haines was shown the same display after the drug sale, and she stated that appellant sold her the drugs. As there is not a scintilla of evidence that Officer Haines identified appellant based on a "suggestive" photographic display rather than her observations, we reject appellant's contention that the officer's in-court identification of him must be suppressed.

Appellant next contends that the court improperly restricted his cross-examination of Officer Haines. Specifically, he alleges that he was not permitted to cross-examine the officer about: 1) an alleged inconsistency between her trial and preliminary hearing testimony as to when the drug transaction occurred; 2) how light it was outside at the time of the drug purchase; 3) the length of time that she observed appellant during the transaction; and 4) whether police have the ability to take surveillance photographs of drug transactions.

"The scope and limits of cross-examination are largely within the discretion of the trial court and its actions pertaining thereto will not be reversed in the absence of a clear abuse of its discretion or error of law." *Commonwealth v. Buehl,* 510 Pa. 363, 388, 508 A.2d 1167, 1179 (1986); *see also Commonwealth v. Fried,* 382 Pa.Super. 156, 555 A.2d 119 (1989). In the present case, our review of the record indicates either that trial counsel was able to elicit the information that he sought to reveal during cross-examination and restrictions were prop-

erly applied due to the repetitive nature of the cross-examination or that counsel asked an improper question.

First, contrary to his assertion, appellant was permitted to cross-examine Officer Haines about an alleged inconsistency between her preliminary hearing testimony and trial testimony as to when the crime occurred. *See* N.T., 2/4/92, at 56. Appellant was restricted later, when he attempted to repeat the same, answered question. *Id.* at 57.

Next, we examine appellant's claim he was restricted in cross-examining Officer Haines about how dark it was outside when she viewed appellant. First, appellant was not permitted to contradict the officer with a statement she allegedly made during the preliminary hearing indicating that it was dark when the drugs were sold. This restriction, however, was premised upon the fact that the witness's preliminary hearing testimony was not inconsistent. She never stated that it was dark at the time of the sale either at the preliminary hearing or at trial. She always stated that it was nearly or almost dark. A trial court may curtail questioning if the question does not contradict or "impeach" the relevant testimony. *Commonwealth v. Morris,* 320 Pa.Super. 139, 466 A.2d 1356 (1983). Thus, this restriction was proper.

As to appellant's claim that he was not permitted to question the witness about the lighting conditions at the time of the sale, the record indicates that he did not ask the witness about her observations. Instead, he attempted to impeach the witness with a newspaper report about when sunsets occurred in February. The trial court ruled that appellant could not cross-examine the witness with that information but that he could bring out this evidence during his case-in-chief. As the purpose of cross-examination is to impeach a witness, not develop facts, the ruling was proper.

In this case, Officer Haines admittedly was not able to pinpoint precisely when she purchased drugs from appellant. She stated that she began to patrol the area at approximately 4:30 and that she purchased the drugs from appellant when it was almost dark. She said that she thought that she pur-

chased the drugs around 6:30 p.m. or 7:00 p.m. Appellant was permitted to cross-examine her about her imprecision, and no error occurred.

■ Equally meritless is appellant's assertion that he was restricted in his questioning of Officer Haines about police ability to take surveillance photographs. He actually was allowed a significant amount of questioning on this issue:

[APPELLANT'S COUNSEL]: Q. You did not have a surveillance van out there taking pictures—

THE COURT: You weren't on a surveillance that night, were you?

THE WITNESS: No, I was not. I was on foot.

[APPELLANT'S COUNSEL]: Q. You did not ask to have a surveillance van take photos of anybody that you purchased from, did you?

[DISTRICT ATTORNEY]: Objection.

[OFFICER HAINES]: I had no knowledge of any pictures being taken that night.

[APPELLANT'S COUNSEL]: Q. What a surveillance van is, as the district attorney brought out, is a van that's got telephoto equipment which can take pictures day and night of individuals out on the street or somewhere else?

A. They have a camera sure, but I can do a surveillance and I would never need a camera.

Q. Right. But the police department does have surveillance equipment?

A. Yes, they do.

Q. And it's certainly possible to take photos day or night, isn't it?

[DISTRICT ATTORNEY]: Objection, Judge.

THE COURT: Overruled. Anything is possible.

[OFFICER HAINES]: That's correct. I don't know of anyone taking any pictures.

[APPELLANT'S COUNSEL]: The narcotics unit does occasionally take photos from surveillance vans, that's what they're for, doesn't it?

A. They do.

N.T., 2/4/92, at 82. His questions were not curtailed until re-cross examination, when the trial court ruled that enough evidence had been elicited on the point. *Id.* at 83–84.

The record also indicates that appellant was permitted to question Officer Haines twice about how long she was in contact with appellant on the evening in question. *Id.* at 70, 75–76. The third time he asked the question, he was restrict-ed. Thus, appellant's claims regarding cross-examination are meritless.

■ Appellant's final contention is that he should have been allowed to present the testimony of the attorney who repre-sented him at the preliminary hearing in order to impeach Officer Haines's identification skills. Specifically, he alleges Officer Haines confused appellant's trial counsel with counsel's partner, who was present at the preliminary hearing. The record contains the following exchange:

[APPELLANT'S COUNSEL]:

Q. I direct your attention to page 7 of the preliminary hearing notes. These lines right here.

A. Yes. It says Mr. McLaughlin. Are you Mr. McLaugh-lin?

Q. I'm Mr. Newman.

A. It says Mr. McLaughlin here.

Q. Mr. McLaughlin is my partner.

N.T., 2/4/92, at 55–56.

■ Appellant then requested and was denied the oppor-tunity to have the jury view his counsel's partner in order to demonstrate that Officer Haines had poor identification skills since she did not distinguish the two men. We affirm the trial court's ruling. We rely upon the following well-settled stan-dard for guidance on this issue. The admission or exclusion of evidence is within the sound discretion of the trial court; we will not overturn that determination absent an abuse of discre-tion. *Commonwealth v. John,* 408 Pa.Super. 234, 596 A.2d 834 (1991). In addition, competent evidence is both relevant and admissible if it logically or reasonably tends to prove or disprove a material fact in issue, tends to make such fact more

or less probable, or affords the basis for or supports a reasonable inference or presumption regarding the existence of a material fact. *Commonwealth v. Davis,* 381 Pa.Super. 483, 554 A.2d 104 (1989).

In the present case, the trial court correctly observed in reviewing the above exchange that it was not established that the witness had misidentified either man. Further, the trial court correctly concluded that this matter was entirely collateral or irrelevant to the issues at trial. No error occurred.

Judgment of sentence affirmed.