**Commonwealth v. Goodwin**

*Sheldon Kovach,* for Commonwealth.
*Patrick Connors,* for defendant.

JENKINS, *J.,* November 20, 2007—Prior to trial, defendant moved to sever the charges at the above caption numbers. After a pretrial hearing on January 16,

2007, the court denied defendant's motion to sever. A jury subsequently found defendant guilty of the charges at the above caption numbers and acquitted him of the charges at a fifth caption number, no. 6420-06.

The lone issue on appeal is whether the court acted within its discretion by consolidating the charges at nos. 3756-06, 6417-06, 6418-06 and 6419-06 for trial. Consolidation was proper because the assault, robbery and harassment charges in these cases had a common thread: defendant's violent relationship with his wife. Therefore, the court recommends that defendant's judgment of sentence be affirmed.

## FACTUAL AND PROCEDURAL HISTORY

In boxing terms, this case pitted a heavyweight versus a lightweight—not a fair fight inside or outside the ring. Defendant is six feet, one inch and weighs between 220-235 pounds, fully one foot taller and 100 pounds heavier than his diminutive spouse. N.T., 5/31/07, pp. 38-39. Defendant took advantage of this size differential by repeatedly attacking, or threatening to attack, his wife and children.

During an argument on August 19, 2005, defendant pushed his wife, slapped her on the face, called her a whore and poured beer on her head. N.T., 5/30/07, pp. 112-19. At the same time, defendant pushed and choked his son, Eric. N.T., 5/30/07, pp. 112-19. The jury convicted defendant for this conduct at no. 6417-05.

Defendant's wife went to the police station and returned home the following day to drop off her daughter. N.T., 5/30/07, pp. 120-21. Defendant approached her

while she was waiting in the car, and she attempted to call the police on her cell phone. N.T., 5/30/07, pp. 121-22, 166-68. To prevent her from completing the call, defendant snatched the cell phone from her hand and ran away. N.T., 5/30/07, pp. 121-22, 166-68. She did not get her cell phone back for several months. N.T., 5/30/07, pp. 121-22. The jury convicted defendant for this conduct at no. 6418-05.

On May 2, 2006, slightly over seven months later, defendant and his wife had another argument when she went to defendant's residence to retrieve clothes for herself and her children. N.T., 5/30/07, pp. 127-28. Defendant pushed, slapped and punched his wife in the face, kicked her buttocks and threw her down the steps. N.T., 5/30/07, pp. 128, 140-41; N.T., 5/31/07, pp. 37-38. He also pushed and slapped his younger son, Aron. N.T., 5/30/07, pp. 134, 175-77. The jury convicted defendant for this conduct at no. 3756-06.

On August 16, 2006, defendant threatened to attack his neighbor, Melvin Jones, if Jones did not "get [defendant's] wife and kids over here," and repeatedly banged on the wall of Jones' residence. N.T., 5/31/07, pp. 6-7. Apparently, defendant believed that Jones was harboring defendant's wife and children in his residence. *Id.* After several hours, Jones left his residence, but when he returned several hours later, defendant was still banging on the wall and threatening to bash in Jones' head. N.T. 5/31/07, pp. 6-7. The jury *acquitted* defendant for this conduct at no. 6420-06.

Finally, on August 17, 2006, defendant stood in front of Jones' house swinging a large stick and yelling that he was going to kill Jones and bash his head in. N.T.,

5/31/07, pp. 9-12. The jury convicted defendant for this conduct at no. 6419-06.

On August 13, 2007, the court sentenced defendant to an aggregate sentence of one year less one day to two years less one day. N.T., 8/13/07, pp. 14-15. On September 11, 2007, defendant filed a timely notice of appeal to the Superior Court at nos. 3756-06, 6417-06, 6418-06 and 6419-06. On September 19, 2007, defendant filed timely concise statements of matters complained of on appeal at all of these caption numbers. In each concise statement, defendant contended only that the court abused its discretion by refusing to sever all of the charges, *i.e.,* by refusing to conduct four separate trials.[1]

## DISCUSSION

Pennsylvania Rule of Criminal Procedure 582 provides in relevant part:

"Offenses charged in separate indictments or informations may be tried together if:

"(a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

"(b) the offenses charged are based on the same act or transaction." Pa.R.Crim.P. 582(a)(1).

---

1. On January 16, 2007, the court heard oral argument on defendant's motion to sever all charges. On February 13, 2007, the court issued an order denying the motion to sever. Accordingly, defendant has preserved his argument relating to severance for appeal.

In addition, Pennsylvania Rule of Criminal Procedure 583 states:

"The court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together."

The defendant bears the burden of proving that he was prejudiced by the decision not to sever, and he must show real potential for prejudice rather than mere speculation. *Commonwealth v. Rivera,* 565 Pa. 289, 298, 773 A.2d 131, 137 (2001), *cert. denied,* 535 U.S. 955, 122 S.Ct. 1360, 152 L.Ed.2d 355 (2002) (citing *Commonwealth v. Uderra,* 550 Pa. 389, 399, 706 A.2d 334, 339 (1998); *Commonwealth v. Patterson,* 519 Pa. 190, 197, 546 A.2d 596, 600 (1988)). Pennsylvania appellate courts review decisions to consolidate or sever charges for abuse of discretion. *Commonwealth v. Thomas,* 879 A.2d 246, 260 (Pa. Super. 2005) (citing *Commonwealth v. Collins,* 550 Pa. 46, 54, 703 A.2d 418, 422 (1997), *cert. denied,* 525 U.S. 1015, 119 S.Ct. 538, 142 L.Ed.2d 447 (1998)).

In order to resolve the issue of consolidation, our Supreme Court has fashioned a three-part test that incorporates both Rules 582 and 583. The court must determine "whether the evidence of each of the offenses would be admissible in a separate trial for the other; whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, whether the defendant will be unduly prejudiced by the consolidation of offenses." *Commonwealth v. Lark,* 518 Pa. 290, 302, 543 A.2d 491, 497 (1988). For the following reasons, consolidation of the charges was proper in this matter.

*First, evidence of each of the offenses at nos. 3756-06, 6417-06, 6418-06 and 6419-06 would have been admissible in separate trials for each case.* The charges at nos. 6417-05 and 6418-05 involved two assaults within two days against defendant's wife, and no. 3756-06 involved another assault against his wife seven months later. These attacks against the same victim would all have been admissible in separate trials on each information to show (a) the chain or sequence of events that formed the history of the case and (b) defendant's motive, malice, intent and ill will against his wife. *Commonwealth v. Drumheller,* 570 Pa. 117, 137, 808 A.2d 893, 905-906 (2002) (evidence of four protection from abuse petitions filed by victim against defendant in three years preceding victim's murder were admissible in capital murder trial to show chain or sequence of events that formed history of case and to show motive, malice, intent, and ill will, even though events leading to petitions stretched back to approximately 34 months before date of murder charge); *Commonwealth v. Ulatoski,* 472 Pa. 53, 371 A.2d 186 (1977) (testimony of three witnesses who observed bruises on the body of the decedent, defendant's wife, as much as 17 months before her death was admissible; prior acts of abuse were admissible to show that defendant's wife's death was more likely intentional than accidental, notwithstanding defendant's contention that evidence was too remote in time to be relevant); *Commonwealth v. Thomas, supra,* 879 A.2d at 260-61 (trial court acted within its discretion in consolidating separate informations charging defendant with assaulting his girlfriend on March 23, 2001 and April 18, 2001; second assault occurred on day that defendant was released from

jail after victim refused to testify against him at hearing on first assault, and evidence of each assault would be admissible in prosecution for the other as chain or sequence of events that formed the history and part of natural development of case).

In addition, the charge at no. 6419-06, in which defendant threatened to attack his neighbor, Melvin Jones, would have been admissible in separate trials on the other informations to show defendant's malice toward his wife. In *Commonwealth v. John,* 408 Pa. Super. 234, 596 A.2d 834 (1991), the defendant was convicted with starting a fire in a building where his wife was playing bingo. The trial court permitted evidence that the defendant pulled a knife on his son while his wife and several of their children were walking home from the fire. The Superior Court reasoned that this evidence was admissible to show the defendant's malice toward his wife:

"[T]he Commonwealth's theory of the case was that John was upset that Mary John intended to spend the evening playing bingo rather than drinking with him. The Commonwealth sought to demonstrate that the relationships within this family were, at best, tumultuous. As evidence, the Commonwealth introduced Mary John's testimony that she and John had entered a protection from abuse agreement which, among other things, prohibited John from coming to Mary John's home. The Commonwealth also sought to demonstrate that the relationship between John and Mary was strained by showing that John entered into the altercation with their son Richard in Mary's presence, drawing a knife. As the event occurred within half an hour of the fire, it is the Com-

monwealth's position that the incident was relevant to show both John's motive for starting the fire and his state of mind that evening. . . .

"[W]e find no error in the trial court's determination that the testimony regarding the altercation between John and his son, in the presence of Mary John, was indicative of malice towards Mary John and John's state of mind that evening." *Id.* at 238-39, 596 A.2d at 836.

In view of *John,* defendant's threats toward Jones at no. 6419-06 would have been admissible in separate trials on the other informations to show defendant's ill will towards his wife, because the threats against Jones resulted from defendant's belief that Jones was sheltering his wife and children in Jones' residence.

Simply put, evidence of every information in which the jury found defendant guilty would have been admissible in separate trials on each information to show the natural history of defendant's conduct toward his wife and his malice and ill will towards her.

*Second, the evidence in the four informations was capable of separation by the jury so as to avoid danger of confusion.* It was rather simple to distinguish between the informations relating to the assaults on defendant's wife, which involved: (a) an incident in which defendant slapped his wife, doused her with beer, and choked his son; (b) an altercation the following day where defendant grabbed his wife's cell phone while she was sitting in a car; and (c) a fight seven months later where defendant kicked his wife, pushed her down the stairs and struck his younger son. It also was easy to distinguish these incidents from defendant's act of standing outside his

neighbor's house and yelling threats while brandishing a large stick.

The final proof that the charges were easy to distinguish is the jury's acquittal on no. 6420-06, one of the two informations charging defendant with threatening Jones. This acquittal demonstrates that the jury listened to the evidence carefully and distinguished between the evidence they found satisfactory (the informations at 3756-06, 6417-06, 6418-06 and 6419-06) and the evidence at no. 6420-06.

*Third, and last, consolidation of the charges did not unduly prejudice defendant.* The Commonwealth correctly reasons that "all of the offenses [herein] were logically related because they arose from the domestic conflict between defendant and his spouse. Separate trials would have involved substantial duplication and waste of scarce judicial resources." Commonwealth's response to defendant's 1925(b) statement of matters complained of on appeal, p. 5. Moreover, consolidation of the charges gave the jury the full picture of defendant's turbulent relationship with his wife. And as discussed above, the fact that the jury acquitted defendant on one of the informations demonstrates that it listened to all of the evidence and carefully decided what it believed and did not believe. Consolidation of the charges did not prejudice defendant.

For these reasons, the court finds that it acted within its discretion by consolidating for trial all of the informations filed against defendant. The court recommends that defendant's judgment of sentence be affirmed.