J-S59025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EUGENE MASSEY, JR. | |
| Appellant | No. 2313 EDA 2015 |

Appeal from the Judgment of Sentence July 23, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002928-2014

BEFORE:  BENDER, P.J.E., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 10, 2016**

Appellant, Eugene Massey, Jr., appeals from the judgment of sentence entered on July 23, 2015.  We affirm.

The relevant factual background and procedural history of this case is as follows.  When Appellant's stepdaughter, B.H, was approximately 12 years old, Appellant began making inappropriate sexual comments to her. Eventually, Appellant began inappropriately touching B.H.'s buttocks and breasts.  On at least one occasion, while B.H. was showering, Appellant entered the shower naked and began washing her hair.  At trial, B.H. testified that Appellant offered her alcohol and cigarettes.  On one such occasion, Appellant advised B.H. to lie to her biological parents about where they were and what they did that day.

*Former Justice specially assigned to the Superior Court.

On June 4, 2014, the Commonwealth filed a criminal information charging Appellant with ten offenses, including, *inter alia*, unlawful contact with a minor,[1] two counts of corruption of minors,[2] two counts of indecent assault,[3] two counts of indecent assault of a person less than 16 years of age,[4] and indecent exposure.[5]  The case proceeded to a jury trial.  As relevant to this appeal, on two occasions the Commonwealth objected to questions Appellant's counsel asked B.H.  On both occasions, a lengthy sidebar was held.  At the conclusion of each sidebar, the trial court sustained the Commonwealth's objection; however, it informed Appellant's counsel that he could elicit the same information by rephrasing his questions.  On April 22, 2015, the jury convicted Appellant of the above listed offenses.

On July 7, 2015, the Sexual Offenders Assessment Board found that Appellant did not meet the statutory criteria to be classified as a sexually violent predator.  The Commonwealth therefore did not seek to designate Appellant as a sexually violent predator.  On July 23, 2015, the court

---

[1] 18 Pa.C.S.A. § 6318(a)(1).

[2] 18 Pa.C.S.A. §§ 6301(a)(1)(i), 6301(a)(1)(ii).

[3] 18 Pa.C.S.A. § 3126(a)(1).

[4] 18 Pa.C.S.A. § 3126(a)(8).

[5] 18 Pa.C.S.A. § 3127(a).

sentenced Appellant to an aggregate term of 9 to 23 months' imprisonment.

This timely appeal followed.[6]

Appellant presents two issues for our review:

1. Did the trial court err in not permitting [Appellant] to elicit testimony from various witnesses that the victim admitted lying to her parents [] and [Appellant] as to whether or not she drank alcohol and to the fact that she was at a location other than that she had told her parents and [Appellant]?

2. Did the trial court err in precluding [Appellant's] attempt to elicit statements attributed to the victim that she was known to give false statements regarding two specific issues which were critical to the jury's determination as to [Appellant's] actions?

Appellant's Brief at 4.

In both of his issues, Appellant argues that the trial court erred in limiting his cross-examination of B.H. "Cross-examination of a witness other than a party in a civil case should be limited to the subject matter of the direct examination and matters affecting credibility; however, the court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination." Pa.R.Evid. 611(b). "The scope of cross-examination is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion." *Commonwealth v. Ballard*, 80 A.3d

_____

[6] On July 24, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). Appellant timely filed his concise statement on August 14, 2015. The trial court issued its Rule 1925(a) opinion on December 29, 2015. Both issues raised on appeal were included in Appellant's concise statement.

380, 394 (Pa. 2013) (internal quotation marks and citation omitted). Limitation of the scope of cross-examination is proper where defense counsel "was able to elicit the information that he sought to reveal during cross-examination[.]" *Commonwealth v. Mobley*, 622 A.2d 972, 975 (Pa. Super. 1993), *appeal denied*, 634 A.2d 219 (Pa. 1993).

Appellant argues that the trial court erred in sustaining the Commonwealth's objection when his counsel asked B.H., "Ok, and one of the things you confided about was that when you were confronted about drinking you would lie to [your friends] about drinking. You would tell your friends --" N.T., 4/21/15, at 19. The trial court found, and the Commonwealth argues, that Appellant waived this issue for appellate review by not properly raising it in the trial court.

Pursuant to Pennsylvania Rule of Evidence 103, "[a] party may claim error in a ruling to [] exclude evidence only. . . if the . . . party informs the court of its substance by an offer of proof, unless the substance was apparent from the context." Pa.R.Evid. 103(a)(2). At sidebar, Appellant's counsel made an offer of proof relating to B.H.'s response to this question. *See id.* at 20-21. Specifically, Appellant's counsel stated that he asked the question for two reasons. First, he wanted to challenge the assertion that Appellant forced alcohol upon B.H. Second, he wanted to establish that B.H. confided in her friends about very personal matters. Accordingly, we conclude that Appellant preserved this issue for appellate review.

Turning to the merits of Appellant's argument, we conclude that the trial court did not err in sustaining the Commonwealth's objection. In fact, the trial court permitted Appellant's counsel to elicit the testimony referred to in his offer of proof. For example, after the sidebar concluded, Appellant's counsel asked B.H. about confiding in her friends regarding her suicidal thoughts. N.T., 4/21/15, at 27, 29-30. This conformed to the trial court's direction to ask about specific instances in which B.H. confided in her friends in order to elicit the type of testimony Appellant's counsel discussed during his offer of proof. *See id.* at 21. Similarly, Appellant's counsel asked B.H. about whether Appellant forced alcohol upon her and who she told about the incident. *See id.* at 55. As Appellant's counsel "was able to elicit the information that he sought to reveal during cross-examination," the trial court did not err in sustaining the Commonwealth's objection. *Mobley*, 622 A.2d at 975.

Next, Appellant argues that the trial court erred in sustaining the Commonwealth's objection when his counsel asked B.H., "Okay. And so if [Appellant] condoned alcohol, did you ever tell your friends that you lied to him about drinking alcohol?" N.T., 4/21/15, at 34. The trial court found, and the Commonwealth argues, that Appellant waived this issue for appellate review by not properly raising it in the trial court. We disagree. During the ensuing sidebar, Appellant's counsel made an offer of proof regarding the testimony he was attempting elicit from B.H. First, he

attempted to show that B.H. lied about her use of alcohol. Second, he attempted to elicit from B.H. testimony showing that Appellant condemned the use of alcohol. *See id.* at 33-34. Accordingly, we conclude that Appellant preserved this issue for appellate review. *See* Pa.R.Evid. 103(a)(2).

Turning to the merits of Appellant's argument, we again conclude that Appellant's counsel was able to elicit the information he sought by asking other questions. After the sidebar addressing this objection ended, Appellant's counsel elicited testimony from B.H. about lying to her mother regarding alcohol consumption. *See id.* at 56. Second, Appellant's counsel asked extensive questions about Appellant condemning B.H.'s use of alcohol. *See id.* at 25-26. At sidebar, Appellant's counsel admitted that he already elicited the testimony he sought to elicit through the challenged question. *See id.* at 35. As Appellant's counsel "was able to elicit the information that he sought to reveal during cross-examination," the trial court did not err in sustaining the Commonwealth's objection. *Mobley*, 622 A.2d at 975.[7]

_____

[7] Moreover, even if Appellant's counsel was unable to elicit the testimony included in his offers of proof, we would conclude that the trial court did not err in sustaining the Commonwealth's objection. When an accused "seeks to offer character evidence for purposes of attacking or supporting the credibility of a victim who testifies, the admissibility of such evidence is governed by [Pennsylvania Rule of Evidence] 608 and proof of specific incidents of conduct by either cross-examination or extrinsic evidence is prohibited." *Commonwealth v. Minich*, 4 A.3d 1063, 1072 (Pa. Super. 2010). This rule effectively limits the type of evidence admissible to

*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/10/2016


---

*(Footnote Continued)*

challenge a witness' credibility to evidence of a witness' general reputation for truthfulness or untruthfulness. **See** Pa.R.E. 608(a). As the trial court explained at trial, Appellant's counsel did not try to elicit testimony regarding B.H.'s general reputation for untruthfulness; instead, he was trying to use specific incidents of conduct. **See** N.T., 4/21/15, at 20.

Appellant's reliance on Rule 404(a)(2)(B) is misplaced. In **Minich**, this Court specifically held that Rule 608 governs this situation and Rule 404(a)(2)(B) is inapplicable. **Minich**, 4 A.3d at 1072; **see** 1 West's Pa. Prac., Evidence § 404-4 (4th ed. 2015) ("[R]ule [404(a)(2)(B)] does not govern character evidence bearing only on the truthfulness of the victim at trial; such evidence is governed by Rule 608."). Accordingly, under Rule 608 the trial court properly sustained the Commonwealth's objections.