519 A.2d 374

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Stephen Quintin MORRIS, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 23, 1986.

Decided Dec. 15, 1986.

Alan M. Rubenstein, Dist. Atty., Rea B. Mabon, Asst. Dist. Atty., Doylestown, Stephen B. Harris, Warrington, for appellant.

Donald Nasshorn, Doylestown, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The issue presented for our consideration is whether a single, unanswered question alluding to alleged unrelated criminal activity[1] warrants the granting of a new trial despite the fact that an immediate cautionary instruction and a proper direction in the charge was given to the jury.

On May 6, 1983, at approximately 1:30 a.m. Allan Joseph Nowicki was shot, in the back, with a .38 caliber handgun at his residence in Tinicum Township, Pennsylvania. Stephen Quintin Morris (appellee) was arrested on May 13, 1983 and charged with attempted homicide, aggravated assault, simple assault, recklessly endangering another person and possession of an instrument of crime.

1. Although appellee refers to the matter as unrelated criminal activity, from the record, we do not know if possession of a firearm without a license is indeed a crime in New Jersey; hence we shall refer to the matter as alleged criminal activity.

Appellee was found guilty on all charges and filed a Motion In Arrest of Judgment and For A New Trial, alleging, *inter alia*, that the trial court erred in allowing the Commonwealth to cross-examine him concerning an alleged unrelated crime. Appellee's motion was denied. The basis for the denial of the motion was that the curative instruction given to the jury eradicated any taint of prejudice and thus assured appellee of a fair trial. The trial court also found that "the offense alluded to in questioning, carrying a weapon without a permit, is not, as a general matter, of such a heinous nature as to highly inflame the passion or prejudice of the jury." Slip opinion at 4. Appellee was sentenced to 5 to 10 years imprisonment on the attempted homicide and aggravated assault charges; 1 to 2 years imprisonment, to be served concurrently, on the recklessly endangering charge and 1 to 5 years imprisonment, to be served consecutively, on the possession of an instrument of crime charge.

Appellee then appealed to Superior Court.[2] By memorandum opinion filed May 3, 1985, appellee's judgment of sentence was vacated and the case remanded for a new trial. *Commonwealth v. Morris*, 345 Pa.Super. 619, 496 A.2d 853 (1985) [table].[3] The Superior Court found the

---

2. Appellee's trial counsel is also serving as his appellate counsel.

3. It appears appellee attempted, in his appeal to Superior Court, to frame the issue surrounding the introduction of alleged unrelated criminal activity as grounds for a mistrial. The Superior Court stated, "appellant [appellee herein] contends the lower court erred in failing to order a mistrial after the Commonwealth's attorney elicited testimony on unrelated criminal acts from him on cross-examination. He requests discharge or a new trial." Mem. op. at 1. We note that this statement was the first indication that appellee attempted to raise the issue of a mistrial surrounding this particular event. Rule 1118(b), Pa.R.Crim.P. states, "When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed. Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity." Rule 1118, Pa.R.Crim.P. Examples of manifest necessity allowing the trial judge to declare a mistrial are contained in *Commonwealth v. Stewart*, 456 Pa. 447, 317 A.2d 616, *cert. denied*, 417 U.S. 949, 94 S.Ct. 3078, 41 L.Ed.2d 670 (1974) (during a murder trial, the court learned that the father of the victim was the tipstaff who was attending the jurors); *Commonwealth v. Brown*, 451 Pa. 395, 301 A.2d 876

reference to alleged unrelated criminal activity engaged in by appellee to be prejudicial and that, "there is no doubt that the offensive testimony was elicited deliberately. The curative instructions, although prompt, could not overcome the prejudice." Mem. op. at 5. This Court granted the Commonwealth's petition for allowance of appeal and we now reverse.

During cross-examination of appellee, appellee testified that he had "all types of guns,"[4] that he was a gun collector and that all of his guns were in the Bahamas. Upon further questioning, appellee admitted that he owned approximately six .38 caliber guns (the caliber used to shoot the victim), that he did, in fact, have approximately three different guns in the United States—a .38, a .44, and a .41 Magnum and, that he had a gun "for protection" at the liquor store, where he worked, in New Jersey. During the course of cross-examination of appellee, the following exchange, which is the focus of this case, took place:

BY MR. GOLDMAN [for the Commonwealth]:

(1973) (jury declared themselves hopelessly deadlocked and several jurors needed medical attention) (plurality opinion); and, *Commonwealth v. Mehmeti*, 501 Pa. 589, 462 A.2d 657 (1983) (jury declared itself deadlocked). In the instant case, appellee's counsel did not request a mistrial at the time the Commonwealth made reference to alleged prior criminal conduct by appellee. Further, this reference does not constitute manifest necessity so as to justify the court declaring a mistrial, *sua sponte*. The rule is that double jeopardy attaches if a mistrial is declared without manifest necessity or without the request of the defendant. *Commonwealth v. Mehmeti, supra.* As this court held in *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974), allegations of basic and fundamental error no longer serve to enable parties in criminal matters to seek reversal based on alleged errors not properly raised below. Appellee's counsel did not raise, in the court below, a request for a mistrial or an allegation that the court itself should have declared a mistrial when the Commonwealth attempted to elicit testimony concerning an alleged prior unrelated criminal act. Appellee has waived any issue of a mistrial surrounding this event.

However, Superior Court framed the question on appeal as "whether the Commonwealth attorney's actions warrant a new trial." Mem. op. at 1. We will address that issue.

**4.** Appellee testified "I have had 38's. I have had 44's. I have had 41's. You name it I have had it." Transcript at 193.

174

Q   Are you licensed in the United States to carry a firearm?

A   Yes.

Q   You are?

A   Yes, permit.

Q   Where did you obtain that permit?

A   Miami, Florida.

Q   For just Florida?

A   Yes.

Q   Do you have that permit in your possession now?

A   No.

Q   Did you have it in your possession when you were arrested?

A   No.

Q   Did you have a permit to carry a possessive firearm in New Jersey?

A   No.

Q   *But yet, in violation of the law, you possess this firearm in New Jersey?*

BY MR. NASSHORN [counsel for appellee]: Objection.

THE COURT: Sustained.

Members of the jury, that is not an issue in this case and it's not to be considered.

This case to be decided based on the evidence presented as to whether or not you believe beyond a reasonable doubt that the Commonwealth has sufficient evidence to convict the defendant of some or all of the charges involved.   You are not to consider anything like that.

Transcript at p. 198–99.  (emphasis supplied) In the charge to the jury, the trial court provided further curative instructions.

There has been some reference in this case, although a passing reference, to whether or not the defendant had a gun permit. . . .   You're not to try, to speculate as to whether the defendant in fact committed other crimes. You are to zero in on what occurred in the early morning

hours of May 6, 1983, and of course the other facts in the case.

Transcript at 251–52.

Appellee argues that reference to his alleged prior criminal activity was prejudicial and stripped him of the presumption of innocence. The Commonwealth argues that the line of questioning was to impeach appellee and to show that appellee had access to firearms previously purchased by him and that any prejudice that may have resulted from the one question was cured by the immediate cautionary instruction given to the jury. We agree.

Our review of the grant or denial of a new trial is limited to determining whether the trial court abused its discretion or committed an error of law. *Commonwealth v. White,* 482 Pa. 197, 393 A.2d 447 (1978). The trial court, in the instant case, was correct in denying appellee's motion for a new trial.

■ As a general rule, evidence of crimes unrelated to the charge for which the defendant is being tried, is inadmissible. *Commonwealth v. Martin,* 479 Pa. 63, 387 A.2d 835 (1978); *Commonwealth v. Turner,* 454 Pa. 439, 311 A.2d 899 (1973).[5] There is no *per se* rule that requires a new

5. There are exceptions to this general rule.
   [E]vidence of other crimes is admissible when it tends to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial-in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other.
   *Commonwealth v. Peterson,* 453 Pa. 187, 197–8, 307 A.2d 264, 269 (1973). This Court created another exception in *Commonwealth v. Claypool,* 508 Pa. 198, 495 A.2d 176 (1985) where we held, "when there is evidence that a statement about prior criminal activity was made by the defendant in order to threaten and intimidate his victim, and when force or threat of harm is an element of the crime for which the defendant is being tried, such evidence is admissible." 508 Pa. at 205, 495 A.2d at 179.

trial for a defendant every time there is a reference to prior criminal activity. *Commonwealth v. Heaton*, 504 Pa. 297, 472 A.2d 1068 (1984). "[W]e have never ascribed to the view that all improper references to prior criminal activities necessarily require the award of a new trial as the only effective remedy." *Commonwealth v. Williams*, 470 Pa. 172, 178, 368 A.2d 249, 252 (1977). Further, the reference to prior criminal activity must be prejudicial to the defendant, with prejudice resulting "where the testimony conveys to the jury, either expressly or by reasonable implication, the fact of a prior criminal offense." *Commonwealth v. Nichols*, 485 Pa. 1, 4, 400 A.2d 1281, 1282 (1979) (emphasis in original omitted).

■ However, it is possible to eradicate any prejudice resulting from reference to prior criminal activity by the defendant.

Our decisions have indicated that there are situations where the taint, resulting from an improper reference to an unrelated criminal act, may be expunged without resort to the extreme remedy of aborting an otherwise fair trial. It is suggested that our decisions in *Commonwealth v. Groce*, 452 Pa. 15, 303 A.2d 917 (1973) and *Commonwealth v. Allen, supra* [448 Pa. 177, 292 A.2d 373 (1972)] would indicate otherwise. We do not agree. In *Groce, supra* and *Allen, supra*, the challenged references to prior and unrelated criminal activities were permitted by the trial court for the jury's consideration. In the instant action, the testimony was stricken and the jury immediately cautioned.

*Commonwealth v. Williams*, 470 Pa. at 178, 368 A.2d at 252. An immediate curative instruction to the jury may alleviate any harm to the defendant that results from reference to prior criminal conduct. *See, Commonwealth v. Whitfield*, 474 Pa. 27, 376 A.2d 617 (1977) (jury was instructed to disregard a witness's testimony that he had previously seen defendant "work people over"); *Common-*

*wealth v. Williams, supra,* (jury was instructed to dis-
regard a witness's testimony concerning defendant's un-
related use of drugs); *Commonwealth v. Povish,* 479 Pa.
179, 387 A.2d 1282 (1978) (jury instructed to disregard
testimony concerning a robbery for which defendant was
charged but not then being tried); and *Commonwealth v.
Richardson,* 496 Pa. 521, 437 A.2d 1162 (1981), (jury in-
structed to disregard a witness's testimony concerning a
prior burglary of the same residence for which defendant
was then on trial).

■ "[W]hether the exposure of the jury to improper
evidence can be cured by an instruction depends upon a
consideration of all the circumstances." *Commonwealth v.
Richardson, supra,* 496 Pa. at 526, 437 A.2d at 1165. One
of the circumstances to be considered is the nature of the
crime. The instant case presents us with a single, *unan-
swered* question asked of appellee alluding to his alleged
violation of the law of New Jersey by possessing a firearm
without a permit. There is no doubt that the Common-
wealth's question was improper. This could have conveyed
to the jury, with possible resultant prejudice to appellee, the
existence of prior criminal activity. However, we agree
with the trial court that the alleged offense alluded to,
carrying a firearm in New Jersey without a permit, is not of
such a heinous nature as to highly inflame a jury. Posses-
sion of a firearm without a permit is not the type of crime,
the nature of which is likely to cause a jury to be so
incensed as to lose sight of the ultimate question before
them—whether appellee shot the victim.

■ An additional circumstance to be considered is wheth-
er or not the trial court gave cautionary instructions to the
jury. After an inference of unrelated criminal activity has
been conveyed to a jury, minimally, cautionary instructions
must be given. In the instant case, immediately after the
question was asked, and prior to any answer being elicited
from appellee, the trial court sustained the objection of

appellee's counsel and immediately cautioned the jury to disregard any reference to alleged prior criminal activity on the part of appellee. No motion for mistrial was made by appellee's counsel at this time, indicating his satisfaction with the instruction to the jury. The trial court, in the charge to the jury, again admonished the jury to disregard any reference to alleged prior criminal activity on the part of appellee. No objection to this charge was made by appellee, indicating his satisfaction with the charge. We find, in the instant case, that any prejudice to appellee from the limited reference to alleged prior criminal activity was effectively neutralized by the trial court's immediate cautionary instruction to the jury and admonition in the jury charge. *See, Commonwealth v. Martinolich,* 456 Pa. 136, 318 A.2d 680, *cert. denied,* 419 U.S. 1065, 95 S.Ct. 651, 42 L.Ed.2d 661 (1974) (improper comment by the Commonwealth cured by immediate cautionary instruction and jury charge).

A defendant is entitled to receive a fair trial but not a perfect trial. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). A review of the record as a whole reveals that appellee did receive a fair trial. The Commonwealth's error was cured by the cautionary instruction and the trial court was correct in its denial of the motion for new trial.

The order of Superior Court vacating appellee's judgment of sentence and remanding the case for new trial is reversed and appellee's judgment of sentence is reinstated.

HUTCHINSON, J., filed a concurring opinion.

HUTCHINSON, Justice, concurring.

I concur in the result. As the majority implies in footnote 3, at 172–173 n. 3, appellant waived the only issue in this case by failing to move for a mistrial at trial. Thus, I would simply hold that since the issue was not raised below it is waived.