J-S93042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRIRK HARRIS, | |
| Appellant | No. 689 EDA 2016 |

Appeal from the PCRA Order November 6, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0004135-2012

BEFORE:  DUBOW, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:**FILED FEBRUARY 07, 2017**

Appellant, Tyrirk Harris, appeals *pro se* and *nunc pro tunc*[1] from the denial of his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The PCRA court granted Appellant leave to appeal *nunc pro tunc* because notice of his PCRA petition's denial was sent to counsel, who previously had been granted leave to withdraw.  Because Appellant did not receive the notice due to a breakdown in the court's operations, the court found that appeal *nunc pro tunc* was warranted.  We agree.  **See Commonwealth v. Stock**, 679 A.2d 760, 764 (Pa. 1996) ("Reading the civil cases and criminal cases together, the principle emerges that an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances.") (citations omitted); **see also Fischer v. UPMC Northwest**, 34 A.3d 115, 120 (Pa. Super. 2011) ("Generally, a [t]rial [c]ourt may grant an appeal *nunc pro tunc* when a delay in filing is caused by extraordinary circumstances
*(Footnote Continued Next Page)*

On February 1, 2013, a jury convicted Appellant of murder of the third degree and possession of an instrument of crime.[2]  The charges related to Appellant's fatal shooting of a neighbor who complained to him about Appellant's dog entering his yard and making a mess.  The trial court sentenced Appellant to an aggregate term of incarceration of not less than twenty nor more than forty years.  On February 21, 2014, a panel of this Court affirmed the judgment of sentence.  (*See Commonwealth v. Harris*, 97 A.3d 810 (Pa. Super. 2014) (unpublished memorandum)).  Our Supreme Court denied further review on June 12, 2014.  (*See Commonwealth v. Harris*, 94 A.3d 1008 (Pa. 2014)).

On June 15, 2015, Appellant filed a timely *pro se* PCRA petition.[3] Appointed counsel filed a motion to withdraw and a *Turner*/*Finley*[4] no merit letter on September 17, 2015.  On October 1, 2015, the court filed notice of its intention to dismiss Appellant's petition without a hearing.  *See*

_____
*(Footnote Continued)* _____

involving fraud or some breakdown in the court's operations through a default of its officers.") (citation and internal quotation marks omitted).

[2] 18 Pa.C.S.A. §§ 2502(c) and 907, respectively.

[3] On July 29, and August 14, 2015, Appellant filed amended *pro se* PCRA petitions.  Although Appellant did not seek permission to file these amendments, the PCRA court and counsel addressed the issues raised therein.

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Pa.R.Crim.P. 907(1).[5]   The PCRA court denied the petition and granted counsel's motion to withdraw on November 6, 2015.   Appellant timely appealed.[6]

> As a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court.  This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.  [**See**] Pa.R.A.P. 2101.

***Commonwealth v. Freeland***, 106 A.3d 768, 776-77 (Pa. Super. 2014) (case citations omitted).

In this case, Appellant did not include a statement of questions involved in his brief.   (**See** Appellant's Brief, at i-iii, 2-12); **see also** Pa.R.A.P. 2111(a)(4), 2116(a).  "The rule requiring a statement of questions involved is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby." ***Commonwealth v. Maris***, 629 A.2d 1014, 1016 (Pa. Super. 1993) (citing

---

[5] According to the PCRA court's opinion, Appellant responded to the Rule 907 notice *pro se* on October 19, 2015.  (**See** PCRA Court Opinion, 11/06/15, at 2).  However, the response is not on the docket.

[6] The PCRA court did not order, and Appellant did not file, a statement of errors complained of on appeal.  **See** Pa.R.A.P. 1925(b).  The court did not file a Rule 1925(a) opinion.  **See** Pa.R.A.P. 1925(a).

Pa.R.A.P. 2116(a)) (internal quotation marks omitted). Therefore, it would be within the province of this Court to dismiss the claims raised in the argument section of Appellant's brief. However, "in the interest of justice we [will] address the arguments that [we] can reasonably [] discern[.]" *Freeland*, *supra* at 777.

Appellant raises three claims of trial counsel's ineffectiveness for our review. (*See* Appellant's Brief, at 6-12). Specifically, he claims that counsel was ineffective for failing to object to the trial court's "giving the jury the option of adjudicating [him] guilty of any degree of murder other than first[]"; for "facilitating [] the suppression of the two knives;" and for "facilitating the Commonwealth's use of slanderous testimonial evidence about [Appellant] from Officer Brian Gordon[.]" (Appellant's Brief, at 6, 8, 10). Appellant's claims lack merit.

Our standard of review for an order denying PCRA relief is well-settled:

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. . . .

*Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citations, quotation marks, and brackets omitted).

- 4 -

[I]n order to obtain relief based on [an ineffective assistance of counsel ("IAC") ] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. Trial counsel is presumed to be effective, and a PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

*Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa. Super. 2015), *appeal denied*, 141 A.3d 479 (Pa. 2016) (citations omitted).

Here, Appellant first claims that trial counsel's failure to object to "the [c]ourt's giving the jury the option of adjudicating [him] guilty of any degree of murder other than first-degree" violated his constitutional rights. (Appellant's Brief, at 6; *see id.* at 6-7). Appellant maintains that, because the information charged him with first degree murder, and the assistant district attorney represented at the preliminary hearing that there was enough evidence to hold Appellant over on that charge, "the third-degree murder conviction achieved in this case ran afoul of [his] constitutional rights to notice of charges, jury trial, burden of proof, post-trial rights, and effective assistance of counsel." (*Id.* at 6). This issue lacks merit.

It is well-settled that "[t]he purpose of the information is to advise the accused of the allegations and the crimes charged, to give sufficient notice

to allow the opportunity to prepare a defense, and to define the issues for trial. The grading of the offense is not an element thereof[.]" **Commonwealth v. Kisner**, 736 A.2d 672, 674 (Pa. Super. 1999) (citation omitted). In other words, "[a]n information need not specify a degree of murder[.]" **Commonwealth v. Chambers**, 852 A.2d 1197, 1199 (Pa. Super. 2004), *appeal denied*, 871 A.2d 188 (Pa. 2005).

In this case, a review of the information reveals that the Commonwealth charged Appellant with murder generally, pursuant to 18 Pa.C.S.A. § 2502, not murder in the first degree. (**See** Information, 4/11/12, at 1). Specifically, it stated that Appellant:

> Intentionally and with malice caused the death of another human being; and/or while engaged as a principal or as an accomplice in the perpetration of a felony, with malice caused the death of another human being intentionally, knowing[ly], recklessly, or negligently; and/or with malice caused the death of another human being knowingly, recklessly, or negligently.

(**Id.**).

We conclude that this information filed by the Commonwealth placed Appellant on notice of the murder charge against him. (**See id.**). Therefore, the PCRA court properly found that counsel was not ineffective for failing to raise a meritless objection about Appellant's conviction of third degree murder. **Commonwealth v. Spotz**, 896 A.2d 1191, 1210 (Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim.") (citation omitted); **see Rigg**, **supra** at 1084. Appellant's first issue lacks merit.

- 6 -

In his second issue, Appellant maintains that trial counsel was ineffective because he "facilitat[ed] . . . the suppression" of two knives found on the victim. (Appellant's Brief, at 8; *see id.* at 8-9). Specifically, he argues that, if the knives had been produced, it would be "reasonable to conclude" that his use of deadly force was justified. (*Id.* at 9). This issue lacks merit.

In addressing this issue, the PCRA court observed:

> Trial counsel cross-examined both Officers Robert Flade and Steven Hancock, where he elicited that the decedent was carrying two knives at the time of the murder. While [Appellant] testified that he killed the decedent in self-defense, during cross-examination, he stated that he did not see the decedent carry a knife at the time of the murder. . . . [T]he jury was under no obligation to accept [Appellant's] flawed justification defense and, in fact, chose not to. This [c]ourt agrees [Appellant's] argument is without merit.

(PCRA Ct. Op., at 9) (record citations omitted). We agree.

Our review of the record confirms that the jury knew that the victim was carrying knives at the time of his murder because Appellant's counsel thoroughly cross-examined the officers about them. (*See* N.T. Trial, 1/30/13, at 30, 34, 40, 46-47, 64). In fact, Appellant testified that he had not had any prior confrontations with the victim, and did not see him with any weapons on the day of the incident. (*See id.* at 140; N.T. Trial, 1/31/13, at 22-23, 36). Therefore, Appellant has failed to establish that he was somehow prejudiced by the fact that the jury did not see the knives themselves. The PCRA court properly found that trial counsel was not

ineffective on this basis. *See Rigg*, *supra* at 1084. Appellant's second issue lacks merit.

In his third claim, Appellant maintains that counsel was ineffective for failing to object to Officer Brian Gordon's testimony because it was impermissible testimony about his character. (*See* Appellant's Brief, at 10-11). This issue lacks merit because it is belied by the record, which reflects that trial counsel did, in fact, object and move for a mistrial, which a panel of this Court found the trial court properly denied.

Specifically, this Court observed:

"The often-stated rule in Pennsylvania governing evidence of other crimes is that such evidence is not admissible solely to show a defendant's bad character or propensity for continuing criminal acts." *Commonwealth v. Ragan*, 645 A.2d 811, 819 (Pa. 1994) (citation omitted). "However, not all references which may indicate prior criminal acts warrant reversal." *Id.* []. "Mere passing references to prior criminal activity will not require reversal unless the record illustrates definitively that prejudice resulted from the reference." *Id.* (citation and internal quotations omitted). "An immediate curative instruction to the jury may alleviate any harm to the defendant that results from reference to prior criminal conduct." *Commonwealth v. Morris*, 519 A.2d 374, 377 (Pa. 1986) [(citations omitted)].

The testimony of Officer Gordon in the instant case was an unexpected response to a proper question[.] . . . As part of its rebuttal case, the Commonwealth called Officer Gordon and asked him to state whether Appellant's reputation for being peaceful and law abiding was good, bad, or beyond the officer's knowledge. Phrased as such, the question asked for permissible testimony regarding Appellant's general reputation and in a manner to avoid improper references to specific instances of criminal conduct. Officer Gordon stated that he "locked [Appellant] up for—[,]" but was interrupted [by defense counsel's objection] and did not state the reason for the arrest or make reference to a specific crime charged. (*See* N.T. Trial, 1/31/13,

- 8 -

at 83). The trial court immediately directed the jury to disregard the comment and struck it from the record. Moreover, the trial court told the jury that the charges briefly alluded to had been withdrawn. (*See id.* at 88-89). . . . Thus, the record does not definitively illustrate that prejudice resulted from the passing reference to unspecified criminal conduct inadvertently elicited from Officer Gordon. Accordingly, the trial court did not abuse its discretion in denying Appellant's request for a mistrial. . . .

(***Commonwealth v. Harris***, No. 1473 EDA 2013, unpublished memorandum at *6-7 (Pa. Super. filed Feb. 21, 2014) (some record citation formatting provided)).

Based on the foregoing, Appellant's claim that counsel was ineffective for not objecting to Officer Gordon's testimony lacks merit, both because it is belied by the record, and because this Court already concluded that the trial court correctly found that Appellant was not prejudiced by the passing reference immediately followed by a curative instruction. Therefore, the PCRA court properly denied Appellant's petition. ***See Spotz***, ***supra*** at 1210; ***Rigg***, ***supra*** at 1084.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2017