J-A05001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FRANKLIN JOSEPH SABOLCIK | : | |
| | : | |
| Appellant | : | No. 892 WDA 2015 |

Appeal from the Judgment of Sentence May 4, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015022-2013

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and MOULTON, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED MARCH 13, 2017**

Appellant, Franklin Joseph Sabolcik, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his jury trial convictions of theft by unlawful taking or disposition and receiving stolen property.[1] We affirm.

The relevant facts and procedural history of this case are as follows. Appellant became the vice president of White Oak Animal Safe Haven in 2010. As vice president, Appellant was responsible for the day-to-day operations of the shelter and had access to the shelter's bank accounts. After a few checks bounced in 2012, the shelter's bank contacted Ina Jean Marton, the president of White Oak Animal Safe Haven. Ms. Marton

---

[1] 18 Pa.C.S.A. §§ 3921(a) and 3925(a), respectively.

confronted Appellant about the shelter's increased operating expenses and the bounced checks, and Appellant assured her everything was fine. About six months later, Ms. Marton learned of a second shelter bank account, which Appellant had opened without her knowledge or permission. Appellant was the only person with access to this second account. When shelter finances continued to be an issue, Ms. Marton fired Appellant. During an ensuing inspection of the shelter's bank accounts, Ms. Marton discovered Appellant had made many unauthorized purchases. Ms. Marton subsequently contacted police, who further investigated the matter.

On January 22, 2014, the Commonwealth charged Appellant with theft by unlawful taking or disposition, theft by deception, and receiving stolen property. Appellant proceeded to a jury trial on February 3, 2015. At trial, Appellant presented the testimony of Andrew Richards, a private investigator, who conducted his own investigation into the unauthorized charges. During the Commonwealth's cross-examination, Mr. Richards mentioned he had limited opportunities to talk to Appellant during his investigation due to Appellant's incarcerated status. The court immediately held a sidebar discussion with Appellant's counsel and the Commonwealth, where counsel requested a mistrial. The court denied counsel's motion for mistrial, and counsel asked for a curative instruction. The court agreed to issue a curative instruction and gave counsel a brief recess to draft an instruction for the jury. The court then read the instruction to the jury

without further objection by counsel. On February 5, 2015, the jury convicted Appellant of theft by unlawful taking or disposition and receiving stolen property. The court deferred sentencing pending the preparation of a pre-sentence investigation ("PSI") report.

On May 4, 2015, the court sentenced Appellant to an aggregate term of eleven and one-half (11½) to twenty-three (23) months' imprisonment. Appellant timely filed a notice of appeal on June 3, 2015. On July 7, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on July 27, 2015.

Appellant raises the following issue for our review:

> DID THE TRIAL COURT ERR IN FAILING TO GRANT A MISTRIAL WHEN THE PROSECUTOR IMPROPERLY COMMENTED ON [APPELLANT'S] ABSOLUTE RIGHT TO REMAIN SILENT BY ASKING A DEFENSE WITNESS, A PRIVATE INVESTIGATOR, WHETHER [HE HAD] QUESTIONED [APPELLANT] IN CONNECTION WITH HIS INDEPENDENT INVESTIGATION INTO FINANCIAL IMPROPRIETIES AT THE WHITE OAK ANIMAL SAFE HAVEN?

(Appellant's Brief at 5).

Our standard of review of the denial of a motion for a mistrial is as follows:

> [R]eview of a trial court's denial of a motion for a mistrial is limited to determining whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will…discretion is abused.

*Commonwealth v. Chamberlain*, 612 Pa. 107, 175-176, 30 A.3d 381, 422 (2011), *cert. denied*, ___ U.S. ___, 132 S.Ct. 2377, 182 L.Ed.2d 1017 (2012) (internal citations and quotation marks omitted). "A trial court may grant a mistrial only where the incident upon which the motion is based is of such nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict." *Commonwealth v. Fletcher*, 41 A.3d 892, 894 (Pa.Super. 2012), *appeal denied*, 618 Pa. 683, 57 A.3d 67 (2012). "[A] mistrial is not necessary where cautionary instructions are adequate to overcome any possible prejudice." *Id.* at 894-95. "[W]hether the exposure of the jury to improper evidence can be cured by an instruction depends upon a consideration of all the circumstances." *Commonwealth v. Morris*, 513 Pa. 169, 177, 519 A.2d 374, 377 (1986). Significantly, "juries are presumed to follow the instructions of a trial court to disregard inadmissible evidence." *Commonwealth v. Simpson*, 562 Pa. 255, 272, 754 A.2d 1264, 1272 (2000), *cert. denied*, 533 U.S. 932, 121 S.Ct. 2556, 150 L.Ed.2d 722 (2001).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Kevin G. Sasinoski, we conclude Appellant's issue on appeal merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed June 8, 2016, at 8-11)

(finding: record belies Appellant's allegation that court abused its discretion when it denied Appellant's motion for mistrial; Appellant's argument for mistrial is based on statement made by defense witness during cross-examination by Commonwealth, where witness referenced Appellant's incarcerated status; court immediately stopped cross-examination and initiated sidebar discussion; court cautioned Commonwealth against any line of questioning that could possibly shift burden of proof to Appellant[2]; court also noted Commonwealth did not elicit or expect answer that witness provided; Appellant's counsel then made motion for mistrial; court denied motion for mistrial but offered to provide cautionary instruction; after brief recess, court read counsel's cautionary instruction to jury; under these circumstances, witness' statement did not deprive Appellant of his right to fair and impartial trial; further, record belies Appellant's claim that court

_____

[2] After the court stopped cross-examination and cautioned the Commonwealth against any line of questioning that could shift the burden of proof to Appellant, defense counsel made an objection and requested a mistrial to preserve the record. Counsel's two-prong objection claimed: (1) the Commonwealth deliberately induced a response, which implicated Appellant's right to remain silent; and (2) the defense witness' reference to Appellant's incarcerated status prejudiced the jury. With respect to the first prong of counsel's objection, the court noted it stopped the line of questioning before any reference to Appellant's right to remain silent occurred; and the response by the defense witness was both unsolicited and unanticipated by the Commonwealth. With respect to the second prong of counsel's objection, the court issued a cautionary instruction, drafted by defense counsel, which instructed the jury not to draw an adverse inference from Appellant's incarcerated status. Thus, we agree with the trial court that Appellant received a fair and impartial trial.

"forced" Appellant's counsel to draft curative instruction; counsel indicated desire for cautionary instruction and agreed to prepare one as reasonable and necessary precaution to avoid any prejudice to Appellant; record reveals counsel expressed no opposition to this course of action; therefore, court properly denied motion for mistrial, and cautionary instruction read to jury was sufficient to cure any potential undue prejudice from witness' statement).

Moreover, to the extent Appellant challenges the content of the cautionary instruction, Appellant's counsel drafted the language read to the jury and did not object to its content at any time. Appellant cannot now complain on new grounds that the instruction itself was inadequate. *See **Commonwealth v. Gooding***, 818 A.2d 546, 552 (Pa.Super. 2003), *appeal denied*, 575 Pa. 691, 835 A.2d 709 (2003) (explaining failure to make timely, specific objection to jury instruction waives challenge to content of jury instruction on appeal). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/2017

- 6 -