**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD SPENCER | : | |
| | : | |
| Appellant | : | No. 1238 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 28, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000585-2017

BEFORE: OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:           **FILED APRIL 09, 2019**

Richard Spencer (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of indecent assault of a child (less than 13 years of age), and indecent assault of a child (less than 16 years of age and the defendant is four or more years older).[1] We affirm.

The trial court sentenced Appellant to an aggregate 12 to 60 months of incarceration on June 28, 2018. Appellant filed this timely appeal, in which he presents the following four issues:

1. Whether the trial court erred by referring to the Commonwealth's principle witnesses as "victims" on two (2) separate occasions in its opening remarks to the jury?

2. Whether the trial court erred by failing to intervene when the District Attorney asked a defense character witness, "And you

---

[1] 18 Pa.C.S.A. § 3126(a)(7) and (8).

have heard from other people, you have hear [sic] that other people say that [Appellant] has groped young girls?"

3. Whether the trial court erred when it discussed with counsel at sidebar, in the presence of the jury, the Commonwealth's attempt to introduce [Appellant's] written waiver of the preliminary hearing which suggested that it was his intention to plead guilty?

4. Whether the trial court erred when it permitted Commonwealth witnesses, who were present in the courtroom for the entire trial, to testify in rebuttal after the parties had agreed to sequester the witnesses?

Appellant's Brief at 6-7.

Preliminarily, we recognize the Commonwealth's argument that Appellant has failed to preserve his appellate issues by "objection or motion in the court below." Commonwealth Brief at 3. Our Supreme Court has stated:

[I]t is axiomatic that issues are preserved when objections are made timely to the error or offense. *See Commonwealth v. May*, 584 Pa. 640, 887 A.2d 750, 761 (2005) (holding that an "absence of contemporaneous objections renders" an appellant's claims waived); and *Commonwealth v. Bruce*, 207 Pa.Super. 4, 916 A.2d 657, 671 (2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007) (holding that a "failure to offer a timely and specific objection results in waiver of" the claim). Therefore, we shall consider any issue waived where Appellant failed to assert a timely objection.

*Commonwealth v. Baumhammers*, 960 A.2d 59, 73 (Pa. 2008).

Similarly, this Court has stated:

Our Pennsylvania Rules of Appellate Procedure and our case law provide the well-established requirements for preserving a claim for appellate review. It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "The absence of a contemporaneous objection below constitutes a waiver" of the

- 2 -

claim on appeal. ***Commonwealth v. Powell***, 598 Pa. 224, 956 A.2d 406, 423 (2008); ***Tindall v. Friedman***, 970 A.2d 1159, 1174 (Pa. Super. 2009) ("On appeal, we will not consider assignments of error that were not brought to the tribunal's attention at a time at which the error could have been corrected or the alleged prejudice could have been mitigated.") (citation omitted)).

***Commonwealth v. Rodriguez***, 174 A.3d 1130, 1144–45 (Pa. Super. 2017).

We further note that where an appellant includes an issue in his Pa.R.A.P.1925(b) statement, such inclusion does not "resurrect" a waived claim. ***Id.*** at 1145, n.6, citing ***Steiner v. Markel***, 968 A.2d 1253 (Pa. 2009).

In his first issue, Appellant claims that the trial court erred when, during opening remarks to the jury, the court twice referred to the alleged victims simply as "victims." Appellant's Brief at 15-16. Appellant states that defense counsel "immediately raised this issue with the trial court upon the conclusion of its opening remarks," and concedes that the trial court then "addressed the jury accordingly." ***Id.*** at 16. Appellant further acknowledges that the alleged error "in and of itself is unlikely to render the entire trial process prejudicial and unfair," but "along with" his other issues, the cumulative result is that he was "deprived of a fair and impartial trial." ***Id.*** at 18.

The Commonwealth specifically responds that "there is no ruling from which Appellant can appeal," because the court gave a "corrective instruction" to the jury, "apparently to the satisfaction of [Appellant] and counsel," and without any "motion for a mistrial or other action by the court." Commonwealth Brief at 6.

The notes of testimony show that the trial court's opening remarks spanned nine pages. ***See*** N.T., 4/4/18, at 1-9. During the remarks, the trial court stated to the jury: "But in general both [charges] will require for you to determine whether it's been indecent contact by the defendant with the victims and you'll have to determine whether the victims were of a certain age." ***Id.*** at 4. At the conclusion of the court's opening remarks, defense counsel asked to approach the bench, where counsel stated:

> Maybe the court went off script. I heard you refer to the witnesses twice as victims. I don't know if that was in your written remarks or you just slipped? **But I would ask the court to perhaps correct**.

***Id.*** at 9 (emphasis added).

The trial court did not recall its reference to "victims," but granted defense counsel's request, addressing the jury:

> Okay so it's been pointed out to me that during the opening at some point I referred to, at least one of the attorneys believes I referred to witness[es] as victims, as I did that, that was a mistake. I don't remember doing that, if I said that, you should disregard it. There are two alleged victims, there will be more witnesses than just the two, but any statement of that was a slip of mine if I said that.

***Id.*** at 10.

After this statement, defense counsel did not say anything, and the Commonwealth proceeded with its opening statement. Thus, we agree with the Commonwealth that the issue is waived. ***See Commonwealth v. Montalvo***, 956 A.2d 926, 936 (Pa. 2008) (noting "the general rule that, in order to preserve a claim on appeal, a party must lodge a timely objection at

trial) (citing, *inter alia,* **Commonwealth v. May**, 887 A.2d 750, 758 (Pa. 2005) ("To the extent the claims would sound in trial court error, they are waived due to the absence of contemporaneous objections."); Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.")).

Further, in the absence of waiver, the trial court's corrective statement to the jury cured any prejudice. The trial court opined "to the extent the use of the term victim was unduly prejudicial in any way, such temporary harm was cured by the clarifying instruction." Trial Court Opinion, 12/21/18, at 3. In a similar scenario, our Supreme Court stated:

> At the outset, we note that appellant did not request a mistrial when he objected. The failure to request a mistrial until after a negative verdict bears heavily on the weight of the claim. **Commonwealth v. Williams**, 541 Pa. 85, 660 A.2d 1316 (1995) (Court will not countenance trial counsel intentionally sitting silently at trial only later to complain of trial errors on appeal after negative verdict entered).
>
> We also note that . . . [a] prompt and adequate cautionary instruction to which appellant did not object, and for which he did not request further clarification, was also given . . . in order to cure any potential prejudice. This instruction, coupled with the trial court's opening instruction convinces us that a new trial is not warranted since the jury is presumed to follow the court's instructions. **See Commonwealth v. Baker**, 531 Pa. 541, 559, 614 A.2d 663, 672 (1992) (our law presumes that juries follow the court's instructions as to the applicable law). Moreover, after considering the totality of the circumstances, we find that the trial court's instructions cured any potential prejudice. **See Commonwealth v. Morris**, 513 Pa. 169, 519 A.2d 374 (1986) (prejudice from limited reference to alleged prior criminal activity cured by immediate cautionary instruction and admonition in jury charge).

*Commonwealth v. Jones*, 668 A.2d 491, 503–04 (Pa. 1995) (footnote omitted). Accordingly, Appellant's first issue lacks merit.

In his second issue, Appellant assails the trial court for "failing to intervene when the [Commonwealth] asked a defense witness about whether the witness had heard from others that Appellant "groped young girls." Appellant's Brief at 18. Significantly, Appellant states, "It is unknown why this did not draw an objection from defense counsel." *Id.* at 19.[2] Again, the Commonwealth responds that the issue is waived because Appellant did not object at trial; again, we agree.[3] *See* Pa.R.A.P. 302(a); *Rodriguez,* 174 A.3d at 1145-46 (appellant waived appellate review of his claim that the trial court erred in permitting detective to provide hearsay testimony where defendant failed to object at trial). Our review confirms that defense counsel did not object to the questioning. *See* N.T., 4/4/16, at 88 (defense witness denying that she had heard that Appellant "groped young girls," trial court then asking defense counsel whether he had "Anything?" and counsel responding "No nothing.").

Next, Appellant in his third issue argues that the trial court erred by conducting a sidebar discussion about his waiver of his preliminary hearing "in

---

[2] Appellate counsel did not represent Appellant at trial.

[3] The trial court also states that Appellant's "failure to object precluded any judicial clarification or instruction to disregard." Trial Court Opinion, 12/21/18, at 4.

proximity to the jury" and "thereby prejudicing" Appellant. Appellant's Brief at 23. Appellant speculates that "the entire conversation . . . could have easily been overheard by the jury." *Id.* at 22. Nonetheless, Appellant, citing *Commonwealth v. Johnston*, 392 A.2d 869, 873 (Pa. Super. 1978), acknowledges that a trial judge is granted broad discretion in the conduct of trial.[4]

As noted by the Commonwealth, a sidebar, by definition, occurs in the "presence of the jury." Commonwealth Brief at 7. Moreover, Appellant never presented a trial claim that the jury heard the sidebar. *Id.* Again, we agree and find waiver. *See Johnston*, 392 A.2d at 873 (rejecting appellant's claim where appellant failed to adequately preserve the issue of alleged impropriety, and this Court failed "to discern any prejudice to appellant in the trial judge's decision").

Finally, in his fourth issue, Appellant alleges that the trial court erred by permitting the Commonwealth to present testimony from two rebuttal witnesses who had not been sequestered with the other witnesses during trial. Although Appellant claims that defense counsel "voiced his concern to the

---

[4] Appellant's acknowledgment may be in response to the same assertion by the trial court, noting that the administration of the trial was within the court's discretion and "there was no apparent reason why a routine objection . . . required the court to clear the courtroom." Trial Court Opinion, 12/21/18, at 4. The trial court further stated that the "matter was quickly resolved in Appellant's favor at sidebar, and, as a result, the objectionable line of questioning did not occur. Appellant has nothing of which to complain." *Id.*

court," Appellant does not specifically assert that defense counsel objected. Appellant's Brief at 25. The Commonwealth clarifies that there "was no objection or motion to bar the evidence," and "no ruling to call error." Commonwealth Brief at 3, 9. The Commonwealth also counters that it could not identify "witnesses to sequester when the defense has not given notice of the evidence the Commonwealth might need to rebut." *Id.* at 3.

Our review indicates that defense counsel did express concern about the rebuttal witnesses during a sidebar. Counsel stated:

> Maybe I should have done this before [the court] brought in the jury but, I guess I want it put on the record that these witnesses were in the courtroom when we had the evidence presented and direct by both [C]ommonwealth and defense, even though we agreed to sequester the witnesses.

N.T., 4/4/18, at 112.

The trial court responded to counsel's concern, *inter alia*, "that in order to rebut . . . we'd have to at least tell them what the testimony was and so I think it's okay [that the two rebuttal witnesses were not sequestered]." *Id.* at 113.

On this record, to the extent that counsel made a *de facto* objection, it appears that the trial court indicated that it was ruling or would overrule such objection because "the very purpose of the rebuttal witnesses' testimony was to provide testimony that *contradicted* some of the testimony offered during Appellant's case in chief *viz.*, testimony given by [Appellant], [such that] allowing such witnesses to testify was not error." Trial Court Opinion,

12/21/18, at 5 (italics in original).  The trial court's rationale is supported by case law.  In ***Commonwealth v. Martin***, the Pennsylvania Supreme Court determined:

> The record reflects the court considered the scope of its sequestration order as limited to witnesses testifying during the case-in-chief, because the court inquired of the Commonwealth at the time of objection whether the testimony would only be in rebuttal and received an affirmative response.  Since the question of whether to sequester witnesses is initially one within the discretion of the trial court  . . .  the scope of any order granting sequestration is also within the court's discretion and its decision to limit the order to testimony received in the cases-in-chief will not be held reversible error absent a clear abuse of discretion.
>
> We cannot say the court abused its discretion in allowing the witnesses to testify in rebuttal, particularly since the direct testimony received in rebuttal was merely a reiteration of that received in the Commonwealth's case-in-chief.

***Commonwealth v. Martin***, 388 A.2d 1361, 1365 (Pa. 1978) (citation omitted).  Consistent with the above reasoning of both the trial court and our Supreme Court, we find no merit to Appellant's claim regarding sequestration of the Commonwealth's rebuttal witnesses.

In sum, Appellant's issues are waived or meritless.  We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/09/2019

- 9 -